IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-88-FL

| | | |
|---|---|---|
| CARLOS GARCIA JR., individually and as administrator of the ESTATE OF CHRISTIAN JAVIER GARCIA, and EDNA GARCIA, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

This matter is before the court for consideration of Defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted [DE #11] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs responded, Defendant replied, and the motion is now ripe for adjudication. This matter was referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is recommended that Defendant's motion be granted in part and denied in part.

## STATEMENT OF THE FACTS

The facts as pled are as follows. On April 7, 2014, at approximately 8:14 p.m., Christian Javier Garcia was killed when his Saturn Ion collided with a darkly camouflaged tractor-trailer pulling a smaller trailer on Highway 70 West in Carteret County near Newport, North Carolina. (Compl. [DE #1] at 1.) It was raining and the sun had already set. (Compl. at 4-5.) The driver of the tractor-trailer, Joshua Ryan Lowery ("Lowery"), was attempting to perform a u-turn onto Highway 70 West but failed to complete the u-turn, resulting in the tractor-trailer blocking both west-bound lanes. (Compl. at 1,4.) Lowery is a member of the United States Marine Corps and

was operating the tractor-trailer in the course and scope of his employment with the United States Marine Corps. (Compl. at 2.)

Plaintiffs allege that Lowery knew that visibility was limited and that there were alternative places at which to turn the tractor-trailer. (Compl. at 5.) Lowery was trained by the United States Marine Corps not to make u-turns on highways similar to Highway 70 and was aware that similar maneuvers by Marine and Navy tractor-trailer drivers had caused catastrophic collisions. (Compl. at 6-7.) Plaintiffs maintain that Lowery attempted the u-turn in an unlit area without proper warning, without providing a flag man or other safety precautions to warn oncoming traffic, and without suitable reflective tape as required by law. (Compl. at 6-7.)

Plaintiffs submitted to the Department of the Navy administrative claims under the Federal Tort Claims Act ("FTCA") for the death of Christian Javier Garcia. (Compl. Ex. A [DE # 1-1] at 1.) The Department of the Navy denied the claims after having determined that "the United States is not liable under the FTCA for the damages claimed." (Compl. Ex. A [DE # 1-1] at 1.) Plaintiffs subsequently filed the present action.

## DISCUSSION

### I. Motion to Dismiss for Lack of Jurisdiction

First, Defendant has filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, Defendant moves to dismiss "Plaintiffs Carlos and Edna Garcia's individual claims for failure to exhaust administrative remedies and Plaintiffs' requests for pre-judgment interest, post-judgment interest, and attorneys' fees to the extent that they exceed the United States' waiver of sovereign immunity as set out in the Federal Tort Claims Act." (Df.'s Mot. Dismiss [DE #12] at 1.)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the court lacks subject matter jurisdiction. When subject matter jurisdiction is challenged by the

2

defendant, the plaintiff bears the burden of showing federal jurisdiction is appropriate. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "A party may attack subject matter jurisdiction on grounds that the complaint fails to allege facts upon which subject matter jurisdiction can be based, or on grounds that the jurisdictional facts in the complaint are not true." *Swiggett v. PCS Phosphate Co., Inc.*, No. 4:11-CV-169-FL, 2012 WL 5349466, at *2 (E.D.N.C. Oct. 29, 2012) (citing *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982)). In the latter case, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991).

   a.    **Carlos and Edna Garcia's Individual Claims**

The FTCA is a limited waiver of the United States' sovereign immunity and permits a claimant to sue the United States for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). Under the FTCA, exhaustion of administrative remedies is required before suit may be brought in a federal district court. *Drew v. United States*, 217 F.3d 193, 196-97 ("[T]he FTCA prohibits the filing of a civil action against the Government unless the underlying claim is 'first presented' to the appropriate federal agency and subsequently denied."), *aff'd en banc*, 231 F.3d 927 (4th Cir. 2000).

In the present case, Plaintiffs have demonstrated that administrative remedies have been exhausted only as the wrongful death claim. (Compl., Ex. A [DE #1-1] at 1; Df.'s Mem. Supp. Mot. Dismiss, Exs. 2, 3 [DE # 2, 3].) Plaintiffs each timely filed a Standard Form 95 ("SF-95") with the United States Marine Corps, United States Navy, and United States Department of Defense asserting a wrongful death claim. (Df.'s Mem. Supp. Mot. Dismiss, Exs. 2 [DE ##12-

3

2]; Df.'s Mem. Supp. Mot. Dismiss, Exs. 3 [DE ##12-3].) The SF-95s are identical except for the inclusion of the respective parent's name in section 2. In addition to the wrongful death claim, Plaintiffs now assert, without specifying a cause of action, that they are suing in their individual capacity for damages. The central question in this case is whether the administrative claim for wrongful death put the government on sufficient notice to investigate potential individual claims of the Garcias.

The court cannot maintain jurisdiction over Plaintiffs' individual claims. While Carlos and Edna Garcia each filed an SF-95 stating "[a]nswers are for Christian Javier Garcia" and the listed parent, the completed SF-95 forms asserted only a claim for wrongful death. (Df.'s Mem. Supp. Mot. Dismiss, Ex. 2 at 1; Df.'s Mem. Supp. Mot. Dismiss, Ex. 3 at 1.) The attachment for section 8 gives the basis for the claim and states, "The undisputed facts establish negligence, gross negligence, wanton misconduct by Mr. Lowery for which Mr. Carlos Garcia, administrator of the Estate of Christian Javier Garcia, seeks to recover damages for the wrongful death of Christian Javier Garcia under the North Carolina Wrongful Death Act, North Carolina General Statute § 28A-18-2." (Df.'s Mem. Supp. Mot. Dismiss, Ex. 2 at 2; Df.'s Mem. Supp. Mot. Dismiss, Ex. 3 at 2.)  Section 10 of the SF-95 describes the nature and extent of the injury as follows:

> Christian Javier Garcia was killed on April 7, 2014, at approximately 8:10 pm as a result of the negligence, gross negligence, and wanton misconduct of Joshua Ryan Lowery. Plaintiff Carlos Rafael Garcia, Jr., Administrator of the Estate of Christian Javier Garcia seeks all damages permitted by North Carolina General Statute § 28A-18-2. See Exhibit 2.

(Df.'s Mem. Supp. Mot. Dismiss, Ex. 2 at 1; Df.'s Mem. Supp. Mot. Dismiss, Ex. 3 at 1.) Attached to the SF-95 is Exhibit 2, which supplements section 10. Exhibit 2 lists the damages sought by Plaintiffs and precisely tracks the damages compensable under the North Carolina wrongful death statute. (Df.'s Mem. Supp. Mot. Dismiss, Ex. 2 at 3; Df.'s Mem. Supp. Mot.

Dismiss, Ex. 3 at 3.)  Further, section 12c lists damages in the amount of forty million dollars under the caption titled "Wrongful Death," but claims no amount of damages under the "Property Damage" or "Personal Injury" captions.  (Df.'s Mem. Supp. Mot. Dismiss, Ex. 2 at 1; Df.'s Mem. Supp. Mot. Dismiss, Ex. 3 at 1.)  The SF-95s are entirely focused on the wrongful death claim.  *See, e.g., Degenhard v. United States*, No. 5:13-CV-685-BR, 2015 WL 632211 (E.D.N.C. Feb. 13, 2015) (finding that Plaintiffs had not exhausted their administrative remedies concerning individual claims).

Moreover, under the FTCA, the court is to apply to law of the state in which the wrongful act occurred.  *Cibula v. United States*, 551 F.3d 316, 319 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)(1)).  Here, Plaintiffs allege that the wrongful acts occurred in North Carolina.  As such, the law of North Carolina applies.  Under North Carolina law, "[a]ctions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under G.S. 28A-18-2" must be brought within two years of the decedent's death.  N.C. Gen. Stat. § 1-53(4).  Although the decedent's beneficiaries are the real parties in interest, *Evans v. Diaz*, 333 N.C. 774, 776, 430 S.E.2d 244, 245 (1993), North Carolina law provides that the action must be brought by the decedent's estate:

> When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured person had lived, have entitled the injured person to an action for damages therefor, the person or corporation that would have been so liable, and the personal representatives or collectors of the person or corporation that would have been so liable, shall be liable to an action for damages, *to be brought by the personal representative or collector of the decedent* . . . .

N.C. Gen Stat. § 28A-18-2(a) (emphasis added).

Under the North Carolina Wrongful Death Act, "any common law claim which is now encompassed by the wrongful death statute must be asserted under that statute."  *Christenbury v. Hedrick*, 32 N.C. App. 708, 712, 234 S.E.2d 3, 5 (1977) (holding proper the dismissal of an

5

action by the surviving mother for medical and funeral expenses incurred on behalf of her emancipated children who died as a result of an automobile accident). As the administrator of Christian Javier Garcia's estate, Carlos Garcia, Jr. is "the personal representative or collector of the decedent," and, in this capacity, he is the only plaintiff authorized to bring a cause of action under the statute. N.C. Gen. Stat. § 28A-18-2. The North Carolina Wrongful Death Act allows parents to recover damages under the act; however, any claims the Garcias have as beneficiaries under the act must be brought by the administrator of Christian Javier Garcia's estate. N.C. Gen. Stat. § 28A-18-2; *see also Keys v. Duke University*, 112 N.C. App. 518, 520-22, 435 S.E.2d 820, 821-22 (1993) (holding that a parent's claim for loss of consortium was subsumed by the North Carolina wrongful death statute). In sum, the only claim brought under the FTCA for which the administrative remedies have been exhausted is the wrongful death claim, and that action may be instituted only by the personal representative of Christian Javier Garcia's estate. The court is without jurisdiction over any claims brought by the Garcias in their individual capacities, and these claims should, therefore, be dismissed.

### b. Pre-Judgment Interest, Post-Judgment Interest, & Attorneys' Fees

Under the FTCA, a plaintiff may recover post-judgment interest and attorney's fees up to twenty-five percent of the judgment or settlement. 28 U.S.C. §§ 2412(f), 2674, 2678. The FTCA does not waive sovereign immunity as to pre-judgment interest, and as such the court does not have jurisdiction to award pre-judgment interest. *See* 28 U.S.C. § 2674 (providing that the United States "shall not be liable for interest prior to judgment or for punitive damages").

In this case, relief is requested in the form of "pre-judgment and post-judgment interest on any amounts awarded" as well as for "payment of reasonable attorneys' fees . . . as may be allowable under applicable law." (Compl. at 13.) Because the FTCA does not waive sovereign immunity as to pre-judgment interest, the court does not have jurisdiction to award such interest,

and the claim for pre-judgment interest should, therefore, be dismissed for lack of jurisdiction. However, the FTCA does waive immunity as to post-judgment interest and reasonable attorney's fees not exceeding twenty-five percent of the amount of recovery. Accordingly, it is recommended that the court deny Defendant's motion to dismiss for lack of jurisdiction the claims for post-judgment interest and attorney's fees.

## II.  Motion to Dismiss for Failure to State a Claim

Defendant also moves to dismiss the claim of gross negligence for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Federal Procedure. A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005) (quoting *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Rule 8 of the Federal Rules of Civil Procedure provides "for simplicity in pleading that intends to give little more than notice to the defendant of the plaintiff's claims and that defers until after discovery any challenge to those claims insofar as they rely on facts." *Teachers' Ret. Sys. of La. v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007). A complaint is generally sufficient if its

7

"'allegations are detailed and informative enough to enable the defendant to respond.'" *Chao*, 415 F.3d at 349 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1215 at 193 (3d ed. 2004)). Thus, a complaint satisfies the Rules if it gives "fair notice" of the claim and "the grounds upon which it rests." *Twombly*, 550 U.S. at 554-55 (internal quotation marks omitted).

Under the FTCA, the court is to apply the law of the state in which the wrongful act is alleged to have occurred. 28 U.S.C. § 2674. Here, it is alleged that Christian Javier Garcia was killed as a result of wrongful acts that occurred in North Carolina. Thus, North Carolina law concerning gross negligence applies. In North Carolina, gross negligence consists of "wanton conduct done with conscious or reckless disregard for the rights and safety of others." *Parish v. Hill*, 350 N.C. 231, 239, 513 S.E.2d 547, 551 (1999). "An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." *Yancey v. Lea*, 354 N.C. 48, 52, 550 S.E.2d 155, 157 (2001) (citations and internal quotation marks omitted).

Plaintiffs address several acts and omissions that occurred when Lowery was attempting the u-turn. Plaintiffs allege that the u-turn itself was an act done needlessly and with reckless indifference to others, as Lowery was trained that performing u-turns on highways similar to Highway 70 had caused catastrophic wrecks, that he was trained not to perform u-turns on Highways such as Highway 70, and that he was aware of alternate routes not requiring the u-turn. Plaintiffs further allege that Lowery did not have proper reflective tape and did not provide a flag man or use other safety precautions to warn oncoming traffic when performing the turn. Additionally, it is alleged that Lowery performed the above acts or omissions in a darkly camouflaged tractor-trailer at night and in the rain, when visibility was low.

Plaintiffs have adequately pled facts supporting a cause of action for gross negligence. As such, it is recommended that Defendant's motion to dismiss the gross negligence claim be denied.

### III. Motion for Extension of Time to Conduct Discovery

The government has requested an additional twenty-one days after adjudication of its motion to respond to the claims that survive dismissal. By order entered August 28, 2015, that request was allowed. (*See* Order dated Aug. 28, 2015 [DE #15].)

#### CONCLUSION

For the foregoing reasons, it is RECOMMENDED that:

1.) Defendant's motion to dismiss for lack of jurisdiction the individual claims of Carlos and Edna Garcia be GRANTED;

2.) Defendant's motion to dismiss for lack of jurisdiction the request for pre-judgment interest be GRANTED;

3.) Defendant's motion to dismiss for lack of jurisdiction the request for post-judgment interest and attorney's fees be DENIED; and

4.) Defendant's motion to dismiss for failure to state a claim the gross negligence claim be DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **February 5, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,*

28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 19th day of January 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge