IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CV-88-FL

| | | |
|---|---|---|
| CARLOS GARCIA, JR., *individually* | ) | |
| *and in his capacity as Administrator of* | ) | |
| *the Estate of Christian Javier Garcia*, | ) | |
| and EDNA GARCIA | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss certain of plaintiffs' claims

and requested relief for lack of subject matter jurisdiction and failure to state a claim upon which

relief can be granted, made under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Pursuant

to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge

Kimberly A. Swank entered a memorandum and recommendation ("M&R"), wherein it is

recommended that defendant's motion be granted in part and denied in part. Defendant timely filed

objections and plaintiffs have responded. In this posture, the issues raised are ripe for ruling. For

the reasons that follow the court adopts the M&R as its own and grants defendant's motion in part,

while also denying it in part.

## STATEMENT OF THE CASE

This case arises out of the untimely death of Christian Javier Garcia ("decedent"), who died

when his automobile collided with a tractor-trailer owned by the United States Marine Corps and

operated by Joshua Lowery ("Lowery"),[1] a United States Marine acting within the scope of his duties. Plaintiffs are decedent's father and mother, each suing in their individual capacity. Plaintiff Carlos Garcia also brings suit in his capacity as the administrator of decedent's Estate, under North Carolina's Wrongful Death Act. N.C. Gen. Stat. § 28A–18–2.

On June 3, 2015, plaintiffs filed suit against defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) & 2671 et seq. Plaintiffs, in their individual capacities, assert common law claims for negligence and gross negligence under North Carolina law. See 28 U.S.C. § 1346(b)(1) (applying law of the state in which the negligent act occurred). The Estate also asserts claims for negligence and gross negligence under North Carolina law. Id.

Defendant filed the instant motion to dismiss on August 3, 2015. Therein, defendant argues that plaintiffs' individual claims should be dismissed for lack of subject matter jurisdiction. In particular, defendant contends that Carlos and Edna Garcia failed to exhaust their administrative remedies with respect to their individual claims, because neither filed with the United States Department of the Navy an administrative claim seeking redress for individual injuries prior to bringing suit. Defendant also argues the United States has not waived sovereign immunity with respect to certain aspects of plaintiffs' requested relief. Specifically, defendant contends that, insofar as plaintiffs seek prejudgment interest and attorney's fees, their requested relief should be dismissed for lack of subject matter jurisdiction. Finally, defendant contends that the Estate has failed to state a claim for gross negligence under North Carolina law, where the acts or omissions alleged in the complaint do not and cannot constitute gross negligence.

---

[1] Lowery is referred to throughout the complaint as "Lowry." However, upon review of the parties' briefing on defendant's objection to the M&R, it appears that the agreed-upon spelling is "Lowery." Accordingly, the court adopts the agreed-upon variation for purposes of this order.

Defendant's motion was referred for M&R on September 4, 2015. M&R, recommending the court grant in part and deny in part defendant's motion, entered on January 19, 2016. The magistrate judge recommends that defendant's motion be granted inasmuch as it requests dismissal of plaintiffs' individual claims for failure to exhaust. The M&R also recommends dismissal of plaintiffs' requests for prejudgment interest and attorney's fees to the extent such requests are inconsistent with the FTCA's waiver of sovereign immunity. Finally, the M&R recommends the court deny defendant's motion insofar as defendant requests dismissal of the Estate's gross negligence claim. Defendant's timely objections followed on February 5, 2016.

## STATEMENT OF FACTS

On April 17, 2014, at approximately 8:15 p.m., decedent was traveling west-bound on U.S. Highway 70 in Carteret County, North Carolina, near the town of Newport. At the time, visibility was obscured because of rain and a lack of natural light. In the meantime, Lowery, also near Newport and driving a "darkly camouflaged" tractor-trailer owned by the United States Marine Corps, attempted to perform a legal u-turn, crossing from the east-bound lanes of U.S. Highway 70 to the west-bound lanes. Lowery made this attempt notwithstanding prior instruction from his superiors that similar u-turns on similar highways had caused catastrophic wrecks. Lowery failed to complete the u-turn. As a result, the tractor-trailer blocked entirely the west-bound lanes of U.S. Highway 70. As the tractor-trailer blocked the highway, decedent's car collided with the tractor-trailer, resulting in decedent's death.

## COURT'S DISCUSSION

A.      Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed.  28 U.S.C. § 636(b).  The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).  Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

1.      Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint.  Bain, 697 F.2d at 1219.  Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based."  Id.  In that case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  Id.  "[T]he facts alleged in the complaint are assumed true, and the motion must be denied if the complaint

4

alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

2.      Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

5

B.     Analysis

1.     The Estate's Gross Negligence Claim

Defendant objects to the M&R's recommendation that the Estate's gross negligence claim be allowed to proceed and contends that plaintiffs' allegations fall short of the standard for gross negligence under North Carolina law.  However, on the facts of this case as presently alleged, defendant's argument is unavailing.

The court applies North Carolina law to the Estate's gross negligence claim.  The FTCA authorizes suits against the United States for damages "for . . . death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." 28 U.S.C. § 1346(b)(1).  The United States is liable for such tort claims "in accordance with the law of the place where the act or omission occurred."  Id.  Here, because the alleged negligent act occurred in North Carolina, that state's law governs the Estate's gross negligence claim.  See Williams v. United States, 242 F.3d 169, 173 (4th Cir. 2001)

Under North Carolina law, "gross negligence" is defined as willful or wanton conduct "done with conscious or reckless disregard for the rights and safety of others."  F.D.I.C. ex rel. Co-op. Bank v. Rippy, 799 F.3d 301, 314 (4th Cir. 2015) (citing Yancey v. Lea, 354 N.C. 48, 52 (2001)). An act is willful "when it is done purposely and deliberately in violation of law or when it is done knowingly and of set purpose, or when the mere will has free play, without yielding to reason." Foster v. Hyman, 197 N.C. 189, 191 (1929) (internal citations omitted).  Similarly, "[a]n act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others."  Yancey, 354 N.C. at 52 (quoting Foster, 197 N.C. at 191).

However, gross negligence only requires a willful or wanton <u>act</u>, as opposed to a willful <u>injury</u>, the latter of which is the defining feature of an intentional tort. <u>See Yancey</u>, 354 N.C. at 53 ("An act or conduct moves beyond the realm of negligence when the <u>injury or damage</u> itself is intentional.").

In other words, "North Carolina law . . . require[s] a showing of intentional wrongdoing in order to sustain a claim of gross negligence." <u>Rippy</u>, 799 F.3d at 314. On the one hand, a claim of simple, or "ordinary" negligence rests on the assumption that the defendant "should have known the probable consequences of his act." <u>Akzona, Inc. v. S. Ry. Co.</u>, 314 N.C. 488, 496 (1985); <u>accord Ray v. N.C. Dep't of Transp.</u>, 366 N.C. 1, 13 (2012). On the other hand, gross negligence "rests on the assumption that [the defendant] knew the probable consequences [of his act], but was recklessly, wantonly or intentionally indifferent to the results." <u>Akzona</u>, 314 N.C. at 496 (quoting <u>Wagoner v. N.C. R.R. Co.</u>, 238 N.C. 162, 168 (1953)); <u>accord Ray</u>, 366 N.C. at 13. Thus, a claim for "gross negligence" will lie where the defendant either deliberately or recklessly shirked his known duty.

Although a close question, the court concludes that, when viewed in the light most favorable to plaintiffs, Lowery's conduct can be characterized as grossly negligent. In particular, Lowery performed a u-turn despite his knowledge of the specific, objective danger posed by that act. In reaching this decision, plaintiffs' allegation that Lowery previously had been instructed by his superiors not to attempt such maneuvers and informed that similar u-turns resulted in catastrophic accidents provides the dispositive consideration. Under the circumstances of this case, a collision with oncoming traffic was far from an absolute certainty. However, as can be inferred from the complaint, Lowery had been told by his superiors not to perform a u-turn while driving a tractor-trailer and further was aware that tractor-trailer u-turns were dangerous, slow maneuvers; that the danger attendant to any u-turn was compounded by the vehicle's dark color, the weather, and the

lack of natural light; and that the same dangerous, slow maneuver previously had resulted in calamitous accidents. Viewing those facts in the light most favorable to plaintiffs, it follows that Lowery appreciated the precise nature of the danger his tractor-trailer posed to oncoming traffic, yet despite his knowledge, attempted to complete a u-turn, an act explicitly prohibited by his superiors.

Defendant's counter-arguments cannot withstand scrutiny. Defendant first contends that gross negligence is limited to "over the top behavior," such as excessive speeding, erratic driving, not maintaining a single lane, drunk driving, or some combination of those factors. (See Def.'s Obj., DE 18, 4). In Yancey v. Lea, 354 N.C. 48 (2001), the North Carolina Supreme Court observed that "[i]n the area of motor vehicle negligence. . . . the gross negligence issue has been confined to circumstances where" 1) the "defendant is intoxicated," 2) the "defendant is driving at excessive speeds," or 3) the "defendant is engaged in a racing competition." Id. at 53–54. However, this list of factors is not exclusive; as the Yancey court explained, those factors do not "comprise an exhaustive list from which gross negligence must always be found." Id. at 54. In any case, a common thread runs through the circumstances enumerated by the Yancey court: each of the named actions requires the tortfeasor to disregard a specific, objective danger. Likewise, Lowery previously had been instructed allegedly not to attempt u-turns and informed of the specific and significant danger to other motorists posed by his conduct. Nevertheless Lowery ignored the known dangers in order to attempt a u-turn.

Next, defendant unpersuasively attempts to analogize this case to Yancey. In Yancey, the motorist-defendant lawfully passed the decedent on a two-lane road at the same time as the decedent signaled and took a left-hand turn. 354 N.C. at 56–57. Unlike the u-turn at issue here, the Yancey defendant's action, passing a slow vehicle with no knowledge that it imminently was turning into

the defendant's line of travel, does not present a specific, obvious danger. By contrast, Lowery previously had been told that u-turns, identical to the one that caused decedent's death, posed a substantial danger to oncoming motorists and allegedly was instructed not to attempt such a maneuver. In addition, the danger created by Lowery's conduct was compounded under the circumstances of this case, where he attempted to complete the u-turn in the rain and in the absence of natural light.

This case is aligned more closely with Snow v. Oneill, 2006 WL 1837910 (M.D.N.C. June 5, 2006) and Woodson v. Rowland, 329 N.C. 330 (1991). In Snow the district court denied the defendant's motion for summary judgment on the issue of gross negligence, where the defendant, a truck driver, stopped his truck on the shoulder of the road so that he could take a nap and failed to employ reflective triangles, which served to warn other drivers that the truck was stationary. 2006 WL 1837910, at *1, 3. While the defendant was asleep the decedent-driver collided with the defendant's truck, killing the decedent. In concluding a reasonable jury could find the defendant grossly negligent, the court reasoned that the defendant "knew that cars have hit trucks parked outside the lanes of travel along roads in the past," and that "a reasonable jury might conclude that [the defendant] had a duty to drive to the nearby rest area[, which was only two miles away,] before parking." Id. at *3. As in Snow, Lowery allegedly knew that similar u-turns had caused catastrophic collisions in the past and had been instructed to avoid attempting such maneuvers. However, despite that knowledge, he attempted a u-turn in any case.[2]

_____

[2] In Rippy, the Fourth Circuit called Snow into doubt, but only insofar as it relied on Jones v. City of Durham, 360 N.C. 81, 85 (2005) ("Jones I"), a subsequently withdrawn opinion of the North Carolina Supreme Court, Jones v. City of Durham, 361 N.C. 144 (2006). See 799 F.3d at 314–15. Snow cited Jones I for the proposition "Gross negligence is acting in reckless disregard of the safety of others." Snow, 2006 WL 1837910, at *2. However, in fashioning its holding, the Snow court stated that "viewing the evidence in the light most favorable to Plaintiffs, the evidence presented is sufficient to support a finding that Oneill was guilty of gross negligence, i.e., acting recklessly,

In Woodson, which took place outside of the motor vehicle context, the Supreme Court held that the defendant behaved in a grossly negligent manner when he directed his employees to perform work in a deep ditch with a dangerous embankment, and failed to provide the necessary support against the ditch's potential collapse, known as a trench box. 329 N.C. at 345–46. When the ditch collapsed, killing an employee, the court easily concluded that the defendant's actions amounted to gross negligence. Id. In reaching that decision, the Woodson court observed that state safety inspectors previously had cited the defendant for the same omission, failure to provide a trench box to employees working in deep trenches with steep sides. Id. The fact that the defendant was aware his conduct posed a substantial danger to his employees, said the court, weighed in favor of a finding of gross negligence. Id. Likewise, Lowery allegedly had been instructed specifically by his superiors to not attempt u-turns, and further had been warned unequivocally that performing a u-turn was a dangerous maneuver that posed a substantial threat to other motorists. Nevertheless, despite both warning and admonition from his superiors, Lowery attempted a u-turn.

Finally, defendant argues that the Estate's gross negligence claim should be dismissed, where the u-turn, although unsafe, was not illegal. Defendant's argument is unconvincing. Illegality is an inapt unit with which to measure gradations of negligence. Cf. Woodson, 329 N.C. at 345–46. Although drunk driving, excessive speeding, and racing, the types of conduct mentioned by the Yancey court, all are illegal, it does not follow that those acts are grossly negligent because they are illegal. To the contrary, gross negligence is independently defined as requiring an intentional or

---

and also that he acted with conscious and intentional disregard of or indifference to the rights and safety of others and that he knew or should have known of the reasonable likelihood that his actions would cause injury, damage or other harm, i.e., willfully and wantonly." Id. at *3. Thus, because Snow also concludes that the defendant's conduct properly could meet the standard for gross negligence articulated both in Rippy and here, the court has no cause to view skeptically the Snow court's reasoning.

reckless disregard of duty.  See <u>Rippy</u>, 799 F.3d at 314.  The illegality of drunk driving, speeding, or racing is ancillary to the fact that each act requires the tortfeasor to engage in purposeful, specific conduct that at least recklessly disregards an obvious risk to other motorists.

In any event, the court writes separately to dispel any ambiguity as to whether its order rests on Lowery's alleged violation of any Marine Corps policy or procedure.  As this court previously has observed, allegations of "mere failure to follow . . . rules or policies is not sufficient [to state a claim for gross negligence under North Carolina law]."  <u>Kelly v. United States</u>, No. 7:10-CV-172-FL, 2014 WL 4098943, at *5 (E.D.N.C. Aug. 18, 2014); <u>accord</u> <u>Clark v. United States</u>, 326 F.3d 911, 914 (7th Cir. 2003) ("An alleged violation of a federal statutory duty cannot form the basis of a FTCA claim.").  However, in this case, the Estate's gross negligence claim rests not on Lowery's failure to follow Marine Corps policy, but, rather, Lowery's conscious disregard of relevant directives and information allegedly provided to him by the United States Marine Corps about the danger posed by u-turns.

In sum, on the facts of this case, the court concludes that the Estate has stated a claim for gross negligence.  Defendant's motion is denied.

2.      Plaintiffs' Individual Claims

Defendant moves to dismiss plaintiffs' individual claims for lack of subject matter jurisdiction, where plaintiffs failed to exhaust administrative remedies.  The M&R recommends that the court grant defendant's motion.  Plaintiffs do not object to the recommendation.

"An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency."  28 U.S.C. § 2675(a).  Stated

11

another way, before this court may exercise jurisdiction over their FTCA claims, plaintiffs must "submit those claims as administrative claims and exhaust [their] administrative remedies." Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). Where plaintiffs' administrative claims relate only to decedent's death, rather than injuries suffered by plaintiffs individually, the court perceives no clear error in the M&R's recommended disposition of defendant's motion to dismiss plaintiffs' individual negligence claims for lack of subject matter jurisdiction. (See DE 12-2 & 12-3) (describing claims filed with the U.S. Department of the Navy). Accordingly, defendant's motion is granted on that ground.

3. Interest and Attorney's Fees

Defendant also moves to dismiss plaintiffs' requests for prejudgment interest and "reasonable" attorney's fees for lack of subject matter jurisdiction. The M&R recommends that the court grant defendant's motion. Plaintiffs do not object to the M&R's recommendation.

The FTCA provides that the United States "shall not be liable for interest prior to judgment." 28 U.S.C. § 2674. In addition, the FTCA caps attorney's fees as a percentage of the total value of the judgment. Id. § 2678. Thus, inasmuch as plaintiffs pray for prejudgment interest, the court is without jurisdiction to award such interest and defendant's motion to dismiss must be granted. In addition, insofar as plaintiffs pray for "reasonable" attorney fees in excess of the amount allowed in relation to the judgment, to be affixed by § 2678, such fees are unavailable and defendant's motion also must be granted.

Although the M&R also discusses defendant's potential liability for post-judgment interest, upon review of defendant's motion, the court concludes that the M&R's discussion is beyond the scope of the relief requested by defendant. Defendant first addressed post-judgment interest in its

reply to plaintiffs' response to defendant's motion to dismiss.[3] (DE 16, 6). Under the Local Civil Rules, new argument may not be raised in a reply brief. See Local Civ. R. 7.1(f)(1). Accordingly, the court need not reach this issue.

## CONCLUSION

Based on the foregoing, upon de novo review of those portions of the M&R to which specific objections were raised, and upon considered review of the remainder thereof, the court ADOPTS the M&R as its own and GRANTS IN PART and DENIES IN PART defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (DE 11), made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In particular, defendant's motion to dismiss plaintiff Carlos and plaintiff Edna Garcia's individual claims for lack of subject matter jurisdiction is GRANTED. Defendant's motion to dismiss plaintiffs' request for prejudgment interest and attorney fees in excess of those allowed under 28 U.S.C. § 2678 also is GRANTED. However, defendant's motion to dismiss the Estate's gross negligence claim is DENIED for the reasons set forth herein.

SO ORDERED, this the 10th day of March, 2016.


_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] All references to post-judgment interest in defendant's memorandum in support of its motion were limited to either recitations of plaintiffs' requested relief (DE 12, 3), or statements that the United States "is liable for post-judgment interest only as permitted by federal law." (Id., 19). Such truisms do not amount to argument about the propriety of post-judgment interest.